USCA1 Opinion

 

 March 26, 1993 United States Court of Appeals United States Court of Appeals for the First Circuit for the First Circuit _____________________ No. 92-1584 DAVID J. McCULLOUGH AND WINIFRED M. McCULLOUGH, Plaintiffs, Appellants, v. FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR BANK OF NEW ENGLAND, N.A., Defendant, Appellee. _____________________ ERRATA SHEET ERRATA SHEET The opinion of this Court issued on March 12, 1993, is amended as follows: On cover sheet, insert "(now deceased)" between "Judge Brown" and "heard oral argument . . ." On page 6, line 19, delete "supra note 4" _____ March 12, 1993 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-1584 DAVID J. McCULLOUGH AND WINIFRED M. McCULLOUGH, Plaintiffs, Appellants, v. FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR BANK OF NEW ENGLAND, N.A., Defendant, Appellee. ____________________ APPEAL FROM AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Brown,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ William H. Sheehan, III with whom Pearl, McNiff, Crean, Cook & ________________________ _____________________________ Sheehan was on brief for appellants. _______ Michelle Kosse, Counsel, Federal Deposit Insurance Corporation, ______________ with whom Ann S. DuRoss, Assistant General Counsel, Colleen B. _______________ ___________ Bombardier, Senior Counsel, Daniel I. Small, and Widett, Slater & __________ _________________ _________________ Goldman, P.C. were on brief for appellee. _____________ ____________________ March 12, 1993 ____________________ _____________________ *Of the Fifth Circuit, sitting by designation. Judge Brown (now deceased) heard oral argument in this matter, and participated in the semble, but did not participate in the drafting or the issuance of the panel's opinion. The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. 46(d). STAHL, Circuit Judge. In Langley v. Federal ______________ _______ _______ Deposit Ins. Corp., 484 U.S. 86 (1987), the Supreme Court ___________________ ruled that 12 U.S.C. 1823(e)1 shields the Federal Deposit Insurance Corporation ("FDIC") from essentially all claims of misrepresentation relating to any asset acquired by it under 12 U.S.C. 1821 or 1823. This appeal requires us to decide whether this rule should apply in situations where the "misrepresentation" at issue actually is an unlawful failure to disclose crucial information. Believing that the Langley _______ ____________________ 1. 12 U.S.C. 1823(e) provides: No agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement- (1) is in writing (1) (2) was executed by the depository (2) institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of (3) directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time (4) of its execution, an official record of the depository institution. -2- 2 rule does apply, we affirm the district court's order dismissing the underlying complaint against the FDIC. Plaintiffs-appellants David J. and Winifred M. McCullough initiated this action by filing a complaint seeking damages and an order enjoining defendant-appellee FDIC from collecting on a promissory note made by plaintiffs in favor of the FDIC's predecessor-in-interest, the Bank of New England ("BNE"). The note was given in exchange for a loan which plaintiffs used to purchase four units of an industrial condominium project ("the project") in which BNE had a significant interest because of loans made to the original developer and a competing developer. Plaintiffs contend, inter alia, that when BNE extended the loan, it _____ ____ failed to disclose to them that the project was subject to a Notice of Responsibility ("NOR"), previously issued by the Massachusetts Department of Environmental Quality Engineering. The NOR required the removal of certain hazardous waste on the property.2 In plaintiffs' view, the aforementioned omission constituted misrepresentation and a violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. ch. 93A, 2 and 11 (West 1984 & Supp. 1992). ____________________ 2. In their complaint, plaintiffs also alleged that BNE made affirmative misrepresentations at the time the loan agreement was negotiated, but have since conceded that federal law precludes them from proceeding on the basis of these allegations. See generally Langley, 484 U.S. at 90-93. ___ _________ _______ -3- 3 The FDIC responded to plaintiffs' complaint by filing a motion to dismiss. As the basis therefor, the FDIC argued that the Langley rule applies as much to the non- _______ disclosure of information as to an affirmative misrepresentation. After a hearing, the district court agreed and issued a memorandum and order granting the FDIC's motion. In so doing, the court joined an ever expanding number of courts that have explicitly endorsed the FDIC's argument. See Federal Deposit Ins. Corp. v. State Bank of ___ ___________________________ _____________ Virden, 893 F.2d 139, 144 (7th Cir. 1990); Federal Deposit ______ ________________ Ins. Corp. v. Bell, 892 F.2d 64, 66 (10th Cir. 1989), cert. __________ ____ _____ dismissed, 496 U.S. 913 (1990); In re NBW Commercial Paper _________ ___________________________ Litigation, No. 90-1755(RCL), 1992 WL 73135, at *11 (D.D.C. __________ March 11, 1992); Federal Deposit Ins. Corp. v. Hudson, 800 F. __________________________ ______ Supp. 867, 870-71 (N.D. Cal. 1990); Federal Deposit Ins. _____________________ Corp. v. Sullivan, 744 F. Supp. 239, 242-43 (D. Colo. 1990).3 _____ ________ ____________________ 3. At the time the district court issued its memorandum and order, one court had departed from existing authority and decided that 1823(e) does not bar claims based upon an unlawful omission. See Grant County Savings & Loan Assoc. v. ___ __________________________________ Resolution Trust Corp., 770 F. Supp. 1374, 1379-82 (E.D. Ark. ______________________ 1991). This decision was, however, reversed while the instant appeal was pending. See Grant County Savings & Loan ___ ___________________________ Assoc. v. Resolution Trust Corp., 968 F.2d 722 (8th Cir. ______ _______________________ 1992). While the reversal was premised on other grounds, the Eighth Circuit, in dicta, expressed its doubt as to the _____ district court's conclusion that 1823(e) did not apply to an unlawful omission. See id. at 724 (indicating that ___ ___ defendant's argument that 1823(e) barred plaintiff's claim for failure to disclose "ha[d] merit"). -4- 4 On appeal, plaintiffs assert that the overwhelming prevailing consensus is incorrect. In essence, plaintiffs' argue that an unlawful omission of the type at issue cannot be viewed as a form of "agreement" to which 1823(e) applies, as "there is nothing on the table to agree to; no promise, condition, or warranty is made." See Grant County, ___ ____________ 770 F. Supp. at 1381. Although possessing some surface appeal, plaintiffs' contention fails when analyzed in light of the theoretical foundation upon which Langley rests.4 _______ The holding in Langley depends upon and flows from _______ the following observation: as a matter of contractual analysis, a contractually bound party's attempt to avoid a contractual obligation and/or to seek damages through a claim of misrepresentation is nothing more than a challenge to the truthfulness of a warranty made by another party to the contract, and a concomitant claim that the truthfulness of that warranty was a condition of the first party's performance. See Langley, 484 U.S. at 90-91. In other ___ _______ words, the claim is analogous to one for breach of warranty, with the warranty being a condition precedent to performance. Therefore, because such a warranty falls within the purview ____________________ 4. Apparently conceding that our ruling as to whether 1823(e) applies to unlawful non-disclosures also resolves the propriety of the district court's dismissal of their ch. 93A claim, plaintiffs confine their argument to the misrepresentation context. We believe that this approach is appropriate, and accordingly so confine our discussion. -5- 5 of the term "agreement,"5 this type of breach of warranty claim cannot be asserted against the FDIC unless the warranty meets the requirements of 1823(e). See id. at 91-92. ___ ___ We can find no logical basis for this reasoning not obtaining with equal force where the misrepresentation at issue arises out of a non-disclosure of information. In terms of the facts of this case, it makes no difference whether BNE affirmatively stated that the project was not subject to the NOR or tacitly indicated this was so by not informing plaintiffs of the NOR. Either way, plaintiffs' misrepresentation claim is tantamount to a challenge to the truthfulness of BNE's warranty that the project was free of any NOR, and a claim that the truthfulness of this warranty was a condition of plaintiffs' performance. See Langley at ___ _______ 90-91. The non-disclosure at issue here can only be actionable at common law as a misrepresentation if it falls into a narrow range of circumstances allowing it, somewhat fictionally, to be treated as an assertion. Cf. Restatement ___ (Second) of Contracts, 161 (listing those situations in which a non-disclosure is "equivalent to an assertion" and actionable as a misrepresentation); Restatement (Second) of Torts, 551 (1977) (listing those situations in which a non- ____________________ 5. As the Supreme Court noted, "[T]he term `agreement' often has `a wider meaning than promise,' and embraces [a warranty, the truthfulness of which is] a condition upon performance." Id. at 91 (quoting Restatement (Second) of Contracts 3, ___ Comment a (1981)). -6- 6 disclosure is actionable as tortious misrepresentation and noting that a person against whom a successful non-disclosure claim is brought will be "subject to the same liability . . . as though [s/]he had represented the nonexistence of the matter that [s/]he has failed to disclose"). Thus, adoption of plaintiffs' view would require us to endorse this quasi- fiction for purposes of viewing the non-disclosure as an asserted misrepresentation, but to reject it for purposes of viewing the non-disclosure as a de facto warranty in __ _____ conducting our 1823(e) analysis. We are not inclined towards so one-sided an approach. Not only does the conclusion that 1823(e) applies to misrepresentations based upon non-disclosures follow naturally from the Supreme Court's analysis in Langley, it _______ also comports with common sense. We join the Seventh and Tenth Circuits in being unable to articulate any rational basis for a regime in which such misrepresentations are outside the scope of the statute while affirmative misrepresentations are not. See generally State Bank of ___ _________ ______________ Virden, 893 F.2d at 144; Bell, 892 F.2d at 66. Indeed, we ______ ____ think it apparent that Congress could not have intended that the statute be so construed. Moreover, we share Judge Lamberth's view that "permitting suit on omissions would practically swallow the Langley rule since parties can _______ generally turn a[n affirmative] misrepresentation into an -7- 7 omission by means of artful pleading." In re NBW, 1992 WL __________ 73135, at *11. Before concluding, we observe that plaintiffs' complaint does not make entirely clear whether the misrepresentation claim sounds in contract or tort. Such fact, however, has no bearing on our analysis. We previously have held that the common law doctrine announced in D'Oench, ________ Duhme & Co. v. FDIC, 315 U.S. 447 (1942), of which 1823(e) ____________ ____ is somewhat loosely described as the codification, "bars defenses and affirmative claims whether cloaked in terms of contract or tort, as long as those claims arise out of an alleged secret agreement." Timberland Design, Inc. v. First _______________________ _____ Service Bank for Savings, 932 F.2d 46, 50 (1st Cir. 1991).6 ________________________ In so doing, we remarked that "[t]o allow [a party] to assert tort claims based on [a secret] agreement would circumvent the very policy behind D'Oench[.]" Id. Clearly, the genesis _______ ___ of plaintiffs' claim, whether the claim is framed in contract or tort, is the alleged warranty made by BNE regarding the NOR. As such, the claim is barred. ____________________ 6. Obviously, in Timberland, we were considering the __________ application of D'Oench to contract and tort claims. We see _______ no reason, however, why our ruling in Timberland should not __________ also be implemented where 1823(e), D'Oench's statutory _______ partner, is being applied. See Castleglen, Inc. v. ___ _________________ Resolution Trust Corp., No. 90-4002, 1993 WL 27915, at *5-*6 ______________________ (10th Cir. Feb. 9, 1993) (holding that 1823(e) precludes tort claims, as well as contract claims, arising out of unrecorded agreements). -8- 8 In sum, we are persuaded to join that body of authority which has concluded that 1823(e) applies as much to misrepresentation claims based upon non-disclosures as to those based upon affirmative assertions. Thus, we believe that 1823(e) governs plaintiffs' misrepresentation claim. Accordingly, because this claim arises out of an alleged warranty that was unwritten and otherwise did not comply with the requirements of the statute, we hold that the district court properly ruled that the claim cannot, as a matter of law, be asserted against the FDIC. Affirmed. No costs. _________ -9- 9